**KAZEROUNI LAW GROUP, APC**
David J. McGlothlin, Esq. (SBN: 253265)
david@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorney for Plaintiff,*
Tyson Tucker

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

TYSON TUCKER, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

DIVERSIFIED GLOBAL VENTURES, INC. d/b/a Beacon Travel and DEREKGOUGH,

Defendants.

Case No.: '24CV1256 BEN BLM

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. §§ 227, ET SEQ.**

**JURY TRIAL DEMANDED**

//
//
//
//
//
//
//
//



KAZEROUNI LAW GROUP, APC

KAZEROUNI LAW GROUP, APC

**INTRODUCTION**

1. Plaintiff TYSON TUCKER ("Plaintiff"), individually and on behalf of all others similarly situated, brings this nationwide Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant DIVERSIFIED GLOBAL VENTURES, INC. ("Diversified") d/b/a BEACON TRAVEL ("Beacon") and DEREK GOUGH ("Gough") (hereinafter collectively referred to as "Defendants"), in negligently and/or willfully contacting Plaintiff on Plaintiff's telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*., ("TCPA") and related regulations, thereby invading Plaintiff's privacy, specifically for claims under the National Do Not Call provision of 47 C.F.R. § 64.1200(c)("DNC Regulations").

2. In 1991, Congress passed the TCPA in response to complaints about certain telemarketing practices. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11.

3. The United States Court of Appeals for the Ninth Circuit has held that "[u]nsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

4. Although a caller may obtain prior express consent from a consumer, prior express consent may nevertheless be revoked.

5. The right to revocation is consistent with the common law principle that consent is revocable and honors the purpose of the TPCA.

6. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

7. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

8. Unless otherwise stated, Plaintiff alleges that any violations by Defendants was knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, vendors, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendants named.

**JURISDICTION AND VENUE**

10. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises out of violations of federal law. 47 U.S.C. § 227(c).

11. Because Defendants conduct business within the State of California, personal jurisdiction is established.

12. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391 because the conduct complained of herein occurred within this judicial district and many of the acts and transactions giving rise to this action occurred in this district because:

(a) Defendants are authorized to conduct business in this district and have intentionally availed themselves of the laws and markets within this district;

(b) Defendants do substantial business within this district; and

(c) the harm to Plaintiff originated from within this judicial district.

KAZEROUNI LAW GROUP, APC

KAZEROUNI LAW GROUP, APC

## PARTIES

13. Plaintiff is, and at all times mentioned herein was, a citizen of the State of Oregon. Plaintiff is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

14. Plaintiff is informed and believes, and thereon alleges, that Diversified is, and at all times mentioned herein was, a foreign corporation with its nerve center located in Sherman Oaks, California.

15. According to public filings, Diversified does business as Beacon Travel.

16. Diversified is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39). Plaintiff alleges that at all times relevant herein Diversified conducted business in the State of California and within this judicial district.

17. Plaintiff is informed and believes, and thereon alleges, that Gough is, and at all times mentioned herein was, an individual, California citizen and conducts business in the State of California and within this judicial district.

## FACTUAL ALLEGATIONS

18. Beacon is a travel marketing company.

19. According to public filings, Beacon was created by a group of resort industry executives that aimed to provide travel at true wholesale costs of up to 70%.

20. Public filings further indicate that Gough is the President of Beacon.

21. According to Gough, Beacon provides an alternative to the well-known free travel sites consumers and searches on Beacon's private platform allegedly result in savings of hundreds if not thousands of dollars.

22. In Gough and Beacon's overzealous attempt to market its services and grow its business, Defendants failed to comply with the strictures of the TCPA and DNC Regulations.

23. Specifically, Defendants knowingly and willfully made (and continues to make) unsolicited telemarketing phone calls without the prior express written consent of the call recipients.

24. Through this method, Defendants have invaded the personal privacy of Plaintiff and members of the Class.

**FACTUAL ALLEGATIONS**

25. Plaintiff, ***himself***, registered his cell phone ending in – 5412 ("Cell") with the National Do Not Call Registry on or about November 18, 2012.

26. Plaintiff's Cell is his residential phone.

27. Plaintiff's Cell is used for residential purposes *only*.

28. Plaintiff did not provide Defendants with his Cell at any point in time, nor did he give permission for Defendants to call it.

29. Plaintiff did not have an established business relationship with Defendants during the time of the telephone solicitations from Defendants.

30. Plaintiff did not have a personal relationship with Defendants at any point in time.

31. Plaintiff did not give Defendants prior express invitation or consent in writing for Defendants to call Plaintiff's personal Cell for marketing or solicitation purposes.

32. Despite being on the National Do Not Call Registry, Defendants made several unsolicited telemarketing calls to Plaintiff's Cell in April and May 2024.

33. Specifically, on April 30, 2024, Defendants initiated five unsolicited telemarketing calls to Plaintiff on his Cell from 541-728-7352.

34. Defendants' unlawful calls interrupted Plaintiff while he was working.

35. To find out the identity of these callers, Plaintiff answered the first four calls and spoke to Defendants' representative.

36. Defendants' agent indicated that they wanted Plaintiff to attend a live seminar at a Hilton Garden Inn at 1000 Garden Way, in Medford Oregon that evening or on May 1, 2024.

37. Defendants' agent indicated that in exchange to listening to the event, and "offering honest feedback," Defendants offered Plaintiff and his wife "two



KAZEROUNI LAW GROUP, APC

KAZEROUNI LAW GROUP, APC

airplane tickets anywhere in the USA without having to pay for anything."

38. Thereafter, Plaintiff received a fifth call from this same phone number.

39. Knowing that it was Defendant, Plaintiff did not answer this call.

40. Concerned about this potential scam, however, Plaintiff called the Hilton Garden Inn directly.

41. Plaintiff spoke with a woman named "Bella."

42. Plaintiff asked who had reserved the event.

43. Bella said it was reserved under two names, i.e. "Beacon" and "Diversified Global Ventures."

44. Plaintiff also spoke with one of the "Sales Managers."

45. The "Sales Manager" confirmed that the name of the company was the "Beacon Preview Center."

46. Such calls constitute telephone solicitations pursuant to 47 C.F.R. § 64.1200(c), as they were an attempt to promote or sell Defendants' services.

47. To make matters worse, Plaintiff received 15 more calls from "Beacon" on May 1, 2024 as follows:

3:13p PST- 541-829-7596
3:15p PST 541-829-7600
3:19p PST " "
3:21p PST " "
3:23p PST " "
3:24p PST " "
3:25p PST " "
3:26p PST " "
3:27p PST " "
3:28p PST " "
3:30p PST " "
3:32p PST " "

3:33P PST " "

3:36p PST " "

3:40p PST "

48. Plaintiff received more than two telephone solicitations from Defendants within a 12-month period.

49. Defendants' unsolicited telephone calls constituted telemarketing and had a commercial purpose.

50. Upon information and belief, Defendants did not make the telephone solicitations in error.

51. Upon information and belief, at all relevant times, Defendants failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5), including 47 C.F.R. § 64.1200(c).

**Scores of Other Consumers Have Complained About Gough's Companies**

52. In addition to Plaintiff's experiences, Defendants have been accused of invading the privacy of other consumers throughout the country using the same unlawful telemarketing tactics.

53. Specifically, several TCPA lawsuits and class actions complaining of unsolicited marketing calls have been filed against Diversified as alleged with specificity herein.

54. In those cases, Gough operated Diversified under the d/b/a Travel Transparency.

55. According to public filings, Diversified does business as both Beacon and Travel Transparency.

56. Apparently, Gough seeks refuge in different corporate names while perpetuating the same unlawful telemarketing tactics.

57. In addition, travel review websites are littered with consumers complaining about Defendants' unsolicited telemarketing calls.

58. Likewise, Yelp reveals that one consumer was called eleven times regarding



KAZEROUNI LAW GROUP, APC

one of Defendants' alleged "free events."

59. Based on the foregoing, Plaintiff has reason to believe that Defendants have made the same or substantially similar above-described unlawful telephone solicitations *en masse* to thousands of consumers nationwide in marketing its services.

**Gough Is Intimately Involved In the Unlawful Telemarketing**

60. In addition, several public filings indicate that Gough has unlawfully called several consumers and entered into settlement agreements promising to cease such practices.

61. Moreover, Gough endeavored to hide his violations of the TCPA under the auspices of different corporate names, such as the Travel Transparency entity.

62. In these lawsuits, Gough was exposed for using telemarketing call centers in Pakistan and the Philippines to unlawfully grow his business.

63. During all times relevant to Plaintiff's claims, Gough specifically, individually, and personally directed and authorized all of the unlawful calls described herein, and was intimately involved in the program to make these calls.

64. Gough was the guiding spirit and central figure behind these unlawful calls being made in the matter they were.

**Plaintiff Suffered Injuries From this Unlawful Conduct**

65. Because Plaintiff is alerted when a call is made to Plaintiff's cellular telephone, the unsolicited telephone solicitation that Defendants transmitted to Plaintiff's cellular device invaded Plaintiff's privacy, was a nuisance, and distracted and aggravated Plaintiff upon receipt.

66. Plaintiff was personally affected and damaged by Defendants' aforementioned conduct because Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically protected by the TCPA.

67. Plaintiff was frustrated and distressed that Defendants annoyed Plaintiff with unwanted telephonic solicitations, without Plaintiff's prior express written



KAZEROUNI LAW GROUP, APC

KAZEROUNI LAW GROUP, APC

consent, and while Plaintiff's telephone number was registered on the National Do Not Call Registry.

68. Defendants' telephonic communications forced Plaintiff and Class members to live without the utility of their cellular telephones by forcing Plaintiff and Class members to silence their cellular telephones and/or block incoming numbers and/or interrupted their desired use of their cellular telephones.

69. The TCPA was intended to give individuals control over how and where they receive telephonic communications. When Defendants send such text messages to consumers without their consent, Defendants fails to respect the limitations imposed by the TCPA. In doing so, Defendants invade Plaintiff and similarly situated persons' privacy and violates the spirit and intent behind the TCPA.

70. Through the above conduct, Defendants violated 47 U.S.C. §§ 227, *et seq*. and the National Do Not Call provision of 47 C.F.R. § 64.1200(c).

**CLASS ACTION ALLEGATIONS**

71. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Class").

72. Plaintiff represents, and is a member of, the Class, consisting of:

> All persons within the United States, registered on the National Do Not Call Registry for at least 31 days, to whom Defendants and/or a third party acting on Defendants' behalf, made two more telephone solicitations that promoted Defendants' products or services, to a cellular telephone number within any twelve-month period, within the four (4) years prior to the filing of the Complaint.

73. Defendants and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

74. Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through its agents, illegally contacted Plaintiff and the Class members via their telephones, whether

KAZEROUNI LAW GROUP, APC

cellular telephones or otherwise, for solicitation purposes, thereby invading the privacy of said Plaintiff and the Class members whose cellular telephone numbers were on the National Do Not Call Registry. Plaintiff and the Class members were damaged thereby.

75. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

76. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendants' records or Defendants' agents' records and the National Do Not Call Registry.

77. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual Class members, including the following:

a. Whether, within the four years prior to the filing of this Complaint, Defendants or its agents placed more than one telephone solicitation to the members of the Class whose telephone numbers were on the National Do Not Call Registry and who had neither an established business relationship nor personal relationship with Defendants;

b. Whether Defendants obtained prior express written consent to place telephone solicitations to Plaintiff or the Class members' telephones;

c. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

d. Whether Defendants and its agents should be enjoined from engaging in such conduct in the future.

KAZEROUNI LAW GROUP, APC

78. As a person who received numerous telephone solicitations from Defendants within a 12-month period, who did not have an established business relationship or personal relationship with Defendants, and who did not provide Defendants prior express invitation or permission to receive telephone solicitations, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

79. Plaintiff and the members of the Class have all suffered irreparable harm and invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA, as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to be damaged and face irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

80. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

81. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

82. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## CAUSES OF ACTION

**FIRST CAUSE OF ACTION**

**NEGLIGENT VIOLATIONS OF THE TCPA**

**47 U.S.C. §§ 227, *ET SEQ.***

83. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

84. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq.*, including implementing regulation 47 C.F.R. § 64.1200(c).

85. As a result of Defendants' negligent violations of 47 U.S.C. §§ 227, *et seq.*, Plaintiff and each member of the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

86. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA**

**47 U.S.C. §§ 227, *ET SEQ.***

87. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

88. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq.*, including implementing regulation 47 C.F.R. § 65.1200(c).

89. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and each member of the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

KAZEROUNI LAW GROUP, APC

90. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendants:

- An Order certifying this action to be as a Class Action pursuant to Federal Rule of Civil Procedure 23, establishing the defined Class and any subclasses the Court deems appropriate, appointing Plaintiff is a proper representative of the Class, and appointing Plaintiff's Counsel as Class Counsel;
- An Order declaring Defendants' conduct, as alleged above, was in violation of the TCPA and the National Do Not Call provision of 47 C.F.R. § 64.1200(c);
- As a result of Defendants' negligent violations of 47 U.S.C. § 227(c), Plaintiff seeks for himself and each Class member: (i) $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, *inter alia*, the common fund doctrine; (vi) any other relief the Court may deem just and proper; and
- As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff seeks for himself and each Class member: (i) $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, *inter alia*, the common fund doctrine; and (vi) any other relief the Court may deem just and proper.
- Costs of suit.
- Pre and post-judgment interest, to the extent permitted by applicable law.

KAZEROUNI LAW GROUP, APC

- Reasonable attorneys' fees to Plaintiff's counsel pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5 and the common fund doctrine.
- Any other relief the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

91. Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

Dated: July 23, 2024

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: /s/ *David J. McGlothlin*
David J. McGlothlin, Esq.
*Attorneys For Plaintiff*

KAZEROUNI LAW GROUP, APC